UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOSEPH TERRY,

                Plaintiff,

    - against –

CO JAMES HULSE, JR.; CO MATTHEW BURNS;
CO CHAD ESTERBROOK; CO BRUCE TUCKER;
CO ALAN HANSON; SERGEANT WILLIAM
COLE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

16 Civ. 252 (KMK)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS, Kobre & Kim has been appointed *pro bono* counsel for Plaintiff for the limited purpose of assisting with an evidentiary hearing on the issue of Plaintiff's exhaustion of administrative remedies (the "Exhaustion Proceedings") in the above-captioned matter (the "Case"); and

WHEREAS, discovery exchanged in connection with the Case may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or jeopardize the safety of an inmate, or (b) contain information that is confidential under state or federal law; and

WHEREAS, the parties wish to have an agreement in place setting forth the terms under which documents containing sensitive information produced in connection with the Exhaustion Proceedings will be treated;

1

IT IS HEREBY STIPULATED AND AGREED that:

1.	The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.	This Protective Order shall apply to all information and materials produced or disclosed by any party in the course of litigating the Exhaustion Proceedings, including but not limited to information produced or disclosed:

    a.	In any pleading, document, affidavit, interrogatory answer, responses to requests for admissions, brief, motion, transcript or any other writing:

    b.	In testimony given in a deposition, and any copies, or summaries of such information; or

    c.	Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

3.	Any party may designate as confidential documents and information produced by that party, the disclosure of which the parties believe would jeopardize correctional or institutional safety, security or good order, or jeopardize the safety of an inmate, or which contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material," including but not limited to the following categories:

    a.	All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, except for Plaintiff who shall make his own determinations regarding the confidentiality of his own records, provided that, for

mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

b.  All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the State of New York (including without limitation, DOCCS), including but not limited to documents reflecting any disciplinary proceedings, performance evaluations and counselings of any personnel of DOCCS.

c.  All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

d.  All DOCCS training materials for corrections officers, sergeants, lieutenants, captains, or deputy superintendents that refer to or concern correctional or institutional safety, security, or good order;

e.  Any other records that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility if disclosed to an inmate in the custody of DOCCS and/or the general public;

f.  Any information of a personal or intimate nature regarding any individual.

g.  E-mails exchanged by and between DOCCS employees; and

        h.        Testimony about the documents or information covered by Paragraph 4(a-h).

    4.        The parties will treat all transcripts of depositions taken in connection with the Exhaustion Proceedings as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available.  During that thirty (30) day period, either party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 3 herein, and such designation must be provided to Plaintiff's counsel (or Plaintiff directly, if Plaintiff is *pro se*) and Defendants' counsel in writing to be deemed effective.  Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material.

    5.        Any party may designate highly confidential documents and information produced by that party, or documents which contain information that is confidential under state or federal law, as "Attorney's Eyes Only," including but not limited to the following:

        a.        Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

        b.        Photographs of the interior or exterior of any DOCCS' correctional facility;

        c.        All maps, blueprints, photographs, drawings, schematics, and any other written depiction or description of any DOCCS correctional facilities;

        d.        Any information of a personal or intimate nature regarding any individual;

        e.        Any information that a party reasonably believes would threaten the safety and wellbeing of an inmate in any DOCCS facility if disclosed, including but not

limited to the identity of and testimony from individuals in DOCCS custody who face a reasonable risk of retaliation from DOCCS employees if the fact of or substance of their testimony were to be disclosed;

    f.    Other documents that the parties agree should be deemed Attorney's Eyes Only Material;

    g.    Testimony about the documents or information covered by Paragraph 7(a-g).

6.    Access to the Attorney's Eyes Only Material shall be limited to:

    a.    Attorneys for Plaintiff;

    b.    Attorneys for Defendants;

    c.    Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

    d.    Individuals, to the extent that such individuals would already properly have access to, or previously properly had access to, the Attorney's Eyes Only Material;

    e.    Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

    f.    The Court.

Neither Plaintiff nor Defendants may be given a copy of the material designated "Attorney's Eyes Only."

7.    An inadvertent failure to designate confidential or highly confidential information as "Confidential Material" or "Attorney's Eyes Only" may be corrected by supplemental written notice given as soon as practicable.

8. To the extent Plaintiff's counsel obtained copies of Confidential or Attorney's Eyes Only documents described herein prior to the "so ordering" of the Stipulation and Protective Order and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order. Plaintiff's counsel agrees to notify Defendants, in writing, of all such documents and information in Plaintiff's possession after Defendants designate documents as Confidential or Attorney's Eyes Only pursuant to this Stipulation and Protective Order. Such documents and information shall be treated hereafter as Confidential Material upon written notice from Defendants' counsel as to which materials shall be treated in that manner.

9. Notwithstanding the treatment as Attorney's Eyes Only Material and Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, it is understood that the names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or inmate who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

10. Attorney's Eyes Only Material and Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

11. Access to the Confidential Material shall be limited to:

    a. Attorneys for Plaintiff;

    b. Attorneys for Defendants;

    c. Plaintiff, to the extent provided in Paragraph 12;

   d. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

   e. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

   f. Individuals, to the extent that such individuals would already have, or previously had, access to the Confidential Material;

   g. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

   h. The Court.

  12. Notwithstanding the provisions of paragraph 11, Confidential Material may be discussed with and shown to Plaintiff, a DOCCS inmate, as follows: (i) Plaintiff's own medical records; (ii) Plaintiff's own mental health records, provided that the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced; and (iii) Plaintiff's own statements to the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity, and other appropriately redacted sections of the OSI file designated "Confidential", but not any material designated "Attorney's Eyes Only." As specified in paragraph 6 above, neither Plaintiff nor Defendants may be given a copy of any material designated "Attorney's Eyes Only."

13. Attorney's Eyes Only Material and Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the party's counsel, provided, however, that, in the event that any party intends to produce documents containing "Attorney's Eyes Only" Material and Confidential Material or that contain Confidential Material obtained from such documents in response to such order, the party's counsel shall serve notice of such order upon the other party's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give the other party the opportunity to seek a protective order against such production.

14. Except as provided for in paragraph 11 herein, consented to in writing by any party, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS who did not previously properly have access to such Confidential Material or Attorney's Eyes Only Material.

15. No person receiving Attorney's Eyes Only or Confidential Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Attorney's Eyes Only or Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Attorney's Eyes Only or Confidential Information pursuant to this Stipulation and Protective Order.

16. Confidential Material shall not be disclosed in open court without first affording all parties an opportunity to contest disclosure and/or admissibility of the Confidential Information.

17. Defendants will produce a copy of the Office of Special Investigation files with the redactions approved by Magistrate Judge Smith, which will be designated Confidential. To the extent Defendants are ordered to produce further information from the Office of Special

Investigation files, these will be designated "Attorney's Eyes Only" and shall not be released or disclosed in any manner to any other person who does not fall under Paragraph 6.

18.     If a party in good faith objects to the designation of any document as Confidential or Attorney's Eyes Only Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential or Attorney's Eyes Only Material within 30 days of the objecting party's receipt of the Confidential or Attorney's Eyes Only Material.  Counsel shall in good faith attempt to resolve such conflict.  If the parties cannot resolve the conflict, the designating party shall move the Court for a protective order within 45 days of the meet and confer, the document will no longer be designated "Confidential" or "Attorney's Eyes Only." Any disputed documents shall be treated as Confidential or Attorney's Eyes Only Material until the parties resolve the conflict or the Court issues a ruling regarding the conflict.

19.     In the event that any party intends to file with the Court any papers that attach or enclose documents containing Confidential Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material obtained from such documents, including deposition transcripts, the party's counsel shall serve notice of such intention upon the other party's counsel, identifying by Bates numbers the documents to be filed, not less than ten (10) business days prior to the filing thereof, to give the other party the opportunity to request or move the Court to direct that such documents be filed under seal, provided, however, that such notice shall not be construed as a waiver of the attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity.

20.     Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which

shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

21. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

22. Confidential or Attorney's Eyes Only Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of the Case and solely to the extent necessary for the litigation of the Case.

23. If Plaintiff's *pro bono* counsel's limited scope representation concludes after completion of the Exhaustion Proceedings, Plaintiff's limited scope *pro bono* counsel will retain all information and materials produced or disclosed in the course of litigating the Exhaustion Proceedings until there is a final, nonappealable order resolving the Case. Defendants' counsel will provide written notification to the undersigned counsel from Kobre & Kim LLP within thirty days of entry of such an order. If Plaintiff proceeds *pro se* after limited scope *pro bono* counsel's representation concludes, Plaintiff's *pro bono* counsel will make a motion to the Court asking for *in camera* review and a determination of whether such documents may be provided to Plaintiff to the extent Plaintiff's *pro bono* counsel believes that any Confidential Material or Attorney's Eyes

Only Material is relevant to other issues in the Case after completion of the Exhaustion Proceedings.

24. Plaintiff's *pro bono* counsel may provide Confidential Material or Attorney's Eyes Only Material to any other attorney who later appears in the Case on behalf of Plaintiff, provided that any later-appearing counsel for Plaintiff signs onto this Stipulation prior to accepting any Confidential Material or Attorney's Eyes Only Material.

25. Within thirty (30) days of a final, nonappealable order resolving this Case, the parties will certify that all Confidential Material or Attorney's Eyes Only Material has been returned to the producing party and/or has been destroyed in a secure manner. Nothing in this Order shall require the destruction of attorneys' work product or court records, or to require the destruction of records that a party is required by law to retain. Defendants' counsel will provide written notification to the undersigned counsel from Kobre & Kim LLP within thirty days of entry of such an order. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. Any retained Confidential Material or Attorney's Eyes Only Material will continue to be protected by this agreement.

26. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 3 and 5 herein.

27. If a party objects to the designation of any document as Confidential Material or Attorney's Eyes Only Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential Material or Attorney's Eyes Only Material within 14 days of the objecting party's receipt of such Material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall,

within 60 days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential Material or Attorney's Eyes Only Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

Dated: New York, New York
       August 14, 2020

| **KOBRE & KIM LLP** | **LETITIA JAMES** |
| --- | --- |
| | Attorney General |
| | State of New York |
| By: _____ | By: *Bruce J. Turkle* |
|    Darryl Stein, Esq. |    Bruce J. Turkle, Esq. |
| 800 Third Avenue | Assistant Attorney General |
| New York, NY 10022 | 28 Liberty Street, 18th Floor |
| (212) 488-1243 | New York, NY 10005 |
| Darryl.stein@kobrekim.com | (212) 416-8524 |
| | Bruce.turkle@ag.ny.gov |
| *Limited scope pro bono Counsel for Plaintiff* | *Attorney for Defendants* |

SO ORDERED:

Dated:   8/18/20  _____

_____
  Hon. Kenneth M. Karas, U.S.D.J.

**CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Terry v. Hulse, et al.</u>, 16 Civ. 252 (KMK) currently pending in the United States District Court for the Southern District of New York.  I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____      _____
SIGNATURE

_____
PRINT NAME

_____
_____
ADDRESS

_____
TELEPHONE NUMBER